The Vice-Chancellor.—It
was wholly irregular for Mr. De Kay to put in an answer under the circumstances. The bill had been taken as confessed against him, and that too for the want of an appearance. His joining for conformity, will not do, when he has no right to answer at all. The answer must then be regarded as the separate answer of Mrs. De Kay.
It is confessedly irregular for a married woman to answer separately from her husband, without the order of the court. But it is said the complainant waived the necessity of such an order, by requiring her to answer, after he had precluded her husband from joining with her; and if otherwise, that it was his duty to have obtained an order for her to answer separately. As to the latter, I will not say that such an order may not be obtained on the complainant’s motion, under special circumstances ; but I am clear that it is not incumbent on him to apply for it, in ordinary cases. Nor was it in this case, where he did not seek to have any discovery, and was content to take the bill as confessed.
The only sensible rule, as it appears to me, is that the party who desires to have the wife put in a separate answer, must make the application for that purpose. Thus, if the husband desire, for any cause, to be relieved from the burthen of a joint answer with his wife, he must move the court. If the wife, having a separate interest, or for any other reason, wish to put. in a separate answer, she should make an application. And if *387 the complainant, seeking a discovery from her, is indifferent as to the husband’s answering, but requires an answer from the wife, I think he may, on sufficient cause shown, obtain an order for her to put in a separate answer.
But where the husband suffers the bill to be taken as confessed against him, and the wife subsequently appears, and the complainant desires no more than to take the bill as confessed against her; he may proceed with the common order that she answer within forty days, or that the bill be taken as confessed by her; and if she deem it necessary or proper to answer, she must obtain an order for leave, inasmuch as none but a separate answer can be filed in that stage of the suit. The complainant’s order requiring her to answer, is to be construed as requiring her to do so in a mode that will be regular; which in the case supposed, as much calls for a separate answer under an order to be procured, as in the ordinary instance of a bill for discovery, it would call for an answer on oath.
In truth, it was irregular for the wife to appear in this case, except with her husband ; but that has been waived by accepting her appearance and putting her under an order to answer. I am clear, however, that the waiver extended no farther, and that the answer filed is entirely irregular, and must be removed from the files of the court.
There being nothing to rebut the complainant’s affidavits showing that the answer was probably put in for delay, the bill must be taken as confessed by Mrs. De Kay; and the complainant’s costs of this motion are to be taxed and added to the regular costs in the cause, and collected with them.
Order accordingly.